# In the United States Court of Federal Claims

No. 11-562C
Filed: September 27, 2011

```
*******************************************
                                            *
AKAL SECURITY, Inc.,                        *
                                            *
        Plaintiff,                          *
                                            *
v.                                          *
                                            *
                                            *
THE UNITED STATES,                          *
                                            *
        Defendant.                          *
and                                         *
                                            *
METROPOLITAN SECURITY SERVICES, Inc.        *
                                            *
        Defendant-Intervenor                *
                                            *
*******************************************
```

**MEMORANDUM OPINION AND ORDER ISSUING A PRELIMINARY INJUNCTION**

On Friday, September 2, 2011, Plaintiff filed a Complaint, under seal, together with a Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support. The Complaint challenged the May 16, 2011 award of Contract No. DJMS-11-D-0504 for security services for the United States Court of Appeals for the Fourth Circuit to Metropolitan Security Services, Inc. d/b/a/ Walden Security ("Walden"), pursuant to Solicitation No. DJMS-10-R-0022. In addition, on September 2, 2011, Walden moved to intervene.

On Tuesday, September 6, 2011, following the Labor Day weekend, the court convened a telephone conference with the parties, wherein the court granted Walden's Motion to Intervene. The court issued an Order to that effect on September 7, 2011, as well as a stipulated Protective Order. During that conference, the court advised the Government and counsel for the U.S. Marshals Service to make interim arrangements to provide the United States Court of Appeals for the Fourth Circuit with required security services, if the Government decided not to defer the anticipated October 1, 2011 start date.

On Thursday, September 8, 2011, the court convened another telephone conference with the parties to discuss the submission of the Administrative Record and a Scheduling Order.

On September 12, 2011, the Government requested until September 23, 2011 to respond to Plaintiff's September 2, 2011 Motion for Temporary Restraining Order. On September 13, 2011, Plaintiff opposed the Government's request and Walden filed a Reply. On September 14, 2011, the court granted the Government's request for an extension and set a response date for September 23, 2011.

On September 14, 2011, the court entered a *stipulated* Scheduling Order with the following deadlines:

September 15, 2011, filing of the Administrative Record;

September 30, 2011, Plaintiff's Motion for Judgment on the Administrative Record;

October 14, 2011, the Government and Walden's Cross-Motions and Opposition Briefs;

October 28, 2011, Plaintiff's Opposition and Reply; and

November 8, 2011, the Government and Walden's Reply Briefs.

On September 15, 2011, the Government filed an Administrative Record, consisting of three notebooks. AR 1-2249.

On September 23, 2011, Plaintiff filed a Notice of Intent to File a Reply, if the Government and Walden decided to oppose Plaintiff's September 2, 2011 Motion for a Temporary Restraining Order. Plaintiff's September 23, 2011 Notice also identified several documents that were missing from the Administrative Record. Later that day, the Government filed a Response opposing Plaintiff's Application for a Temporary Restraining Order and a Motion for Preliminary Injunction. Walden also filed similar pleadings.

On September 26, 2011, the court convened a telephone conference, wherein Plaintiff advised the court that a Reply to the Government and Walden's September 23, 2011 responses and motions would be filed later in the day. The Government advised the court that the Administrative Record would be corrected on September 27, 2011. In addition, the court asked the Government whether October 1, 2011 remained the start date. The court was informed the Government intended to proceed as scheduled.

On a motion for injunctive relief, the court must weigh four factors: "(1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties." *U.S. Ass'n of Imp. of Textiles & Apparel* v. *United States*, 413 F.3d 1344, 1346 (Fed. Cir. 2005).

As to the first factor, Plaintiff contends that it has been deprived of "the opportunity to compete in a fair competitive bidding process[.]" *Overstreet Elec. Co.* v. *United* States, 47 Fed. Cl. 728, 744 (2000). The court has recognized that "a lost opportunity to compete may constitute irreparable harm." *PGBA, LLC* v. *United States*, 57 Fed. Cl. 655, 664 (2003). As to the second

factor, since the parties agreed that the briefing will not be concluded until November 8, 2011, the court is unable to render a judgment about movant's likelihood of success. As to the third factor, the public interest certainly requires that the court be afforded a reasonable opportunity to review the Administrative Record, consider the substantive merits of the parties' arguments, hear oral argument if required, and write a decision. As to the fourth factor, both parties equally will be inconvenienced by the limited injunction required by the court to adjudicate Plaintiff's claims. But, Plaintiff is entitled to that process.

Accordingly, it is hereby ordered that the United States of America and the United States Marshals Service are preliminarily enjoined from proceeding with Contract No. DJMS-11-D-0504 or any related procurement until November 15, 2011. *See FMC Corp.* v. *United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) ("*No one factor*, taken individually, *is necessarily dispositive* [regarding the need for injunctive relief]. . . [T]he weakness of the showing regarding one factor may be overborne by the strength of others.") (emphasis added). On or before that date, the court will determine whether oral argument is required and advise the parties whether an extension of the preliminary injunction is required.

In light of the Rosh Hashanah holiday this week on September 28-29, 2011, the court has decided to issue this Order before the October 1, 2011 start date to provide the U.S. Marshals Service with sufficient time to ensure continuity in existing security services for the United States Court of Appeals for the Fourth Circuit.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**